UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 14-33-HRW

VICTORIA DURHAM,                                                 PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application supplemental security income benefits in February 2009, alleging disability beginning in December 2008, due to "bad back, depression, asthma, chronic deteriorating disease and arthritis" (Tr. 407). The application was denied initially and on reconsideration, and by an Administrative Law Judge after a hearing ("ALJ") (Tr. 58-105, 113-123). After Plaintiff asked the Appeals Council to review the ALJ's decision (Tr. 220), the Appeals Council remanded the case for further proceedings (Tr. 125-126). Plaintiff also filed a second application for SSI while the first application was pending. The second application was combined with the previous application and a supplemental hearing was held on July 10, 2012 (Tr. 28-57). At

the hearing, Martha Goss, a vocational expert (hereinafter "VE"), testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 11-27). Plaintiff was 46 years old at the time she allegedly became disabled on December 31, 2008, and 49 years old at the time of the Commissioner's July 23, 2012 final decision that is now before this Court (Tr. 343). Plaintiff has a tenth grade education (Tr. 413), and previously worked as a nurse's aide, babysitter and housekeeper, although the ALJ determined that the work activity did not rise to the level of substantial gainful activity. (Tr. 18).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from status-post posterior

2

interbody fusion with screws at L5-S1, polysubstance abuse and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 13).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14). In doing so, the ALJ specifically considered listings 12.04 and 12.09 (Tr. 14-15).

The ALJ further found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work, with certain restrictions as set forth in the hearing decision (Tr. 15-17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 18).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

## II. ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

v. *Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.   Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate the medical evidence; (2) the ALJ did not properly assess her credibility and (3) her age is incorrectly stated in the hearing decision.

**C.   Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly evaluate the medical evidence.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927©. Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also,*

4

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An examining physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, an ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c). In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946©.

In this case, the ALJ discounted the opinions of two of Plaintiff's treating sources, Charles Terry, M.D. and Mellbourne Williams, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Plaintiff's primary case physician, Dr. Terry, completed an Adult Medical Report for Social Security or SSI Disability Benefits on January 20, 2010, in which he opined that Plaintiff is "unable to engage in gainful employment" due to back surgery (Tr. 703). The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal

5

determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Moreover, the January 2010 opinion is not supported by clinical or diagnostic data. Further, this opinion of severely disabling limitations is not consistent with the other medical evidence of record. For example, James Bean, M.D., performed Plaintiff's February 2009 back surgery, suggested that Plaintiff be careful; when lifting, bending and twisting but did not advise that she avoid these activities (Tr. 705). Instead, he opined as to limitations with regard to prolonged standing, walking, bending, lifting, climbing and carrying, he did not set forth the extent of these limitations and did not opine that Plaintiff was subject to limitations of disabling severity (Tr. 651).

The Court finds that substantial evidence supports the ALJ's finding that Dr. Terry's opinion was inconsistent with the record and not entitled to controlling weight.

With regard to Dr. Williams, the ALJ found that his opinion as to Plaintiff's mental functioning was also inconsistent with the record, including his own notes of treatment. In August 2009, Dr. Williams noted that Plaintiff reported depression secondary to pain and assigned a current global assessment of functioning (GAF) rating of 45 with a highest rating of 65 during the previous year (Tr. 822, 825). Subsequent examinations by Dr. Williams later in 2009 resulted in fair to good determinations in all areas of mental functioning (Tr. 806, 808). Nevertheless, in February 2010, Dr. Williams completed a form for use in social security disability claims in which he opined that Plaintiff was subject to extreme impairments and associated limitations (Tr. 708-710). However, by

September 2010, Dr. Williams opined that Plaintiff exhibited great insight and good judgment (Tr. 793).

By contrast, the opinion from reviewing state agency psychologist Dr. VanDiver . that Plaintiff had not shown she was subject to a disabling mental impairment was supported by the record including the opinion of consultative examining psychiatrist, Dr. Atcher, that Plaintiff could reliably carry through with simple tasks and directions (Tr.1108).

Given the inconsistencies, the Court finds no error in the ALJ's evaluation of Dr. Williams' opinion.

Plaintiff's second claim of error is that the ALJ did not properly assess her credibility. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

The ALJ determined that Plaintiff's allegations of disabling symptoms were not supported by the medical evidence, but only by her own subjective reports regarding these symptoms. Symptoms are subjection complaints about a claimant's condition, and cannot be the basis for a finding of disability. 20 C.F.R. §§ 416.928(a) (symptoms are a claimant's description of her mental impairment(s)), 416.929(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). The ALJ's stated that the record did not include any objective findings of memory or concentration deficits, or significant difficulty with thought processes. The Couyrt agrees.

As for Plaintiff's testimony regarding her activities, she appears to be inviting this Court

to re-weigh the evidence. That is not the function of this Court. This Court's task is to determine if substantial evidence supports the ALJ's decision. That there is substantial evidence which could support an opposite conclusion is of no moment, so long as substantial evidence supports the conclusion reached by the ALJ. *See generally, Jones v. Commissioner of Social Security*, 336 F.3d 469 (6th Cir. 2003).

Moreover, contrary to her argument, the ALJ specifically discussed Plaintiff's hearing testimony. In addition to noting that Plaintiff occasionally went shopping, the ALJ also noted that Plaintiff testified that she experienced total paralysis of her arms for a period of a few minutes during the night and that she got up 7 or 8 times at night because of pain (Tr. 16). The ALJ also noted that Plaintiff testified at the first administrative hearing that she did a couple of minutes of physical therapy per day and spent time on her computer on a daily basis (Tr. 16).

Given the supporting evidence in the record, the Court finds that the ALJ, who is in the best position to observe the demeanor of a claimant, and evaluate the testimony in light of the written record, properly determined that Plaintiff's subjective testimony was not entirely credible.

Finally, Plaintiff asserts that her "age is wrong." Specifically, she argues that as of her 50th birthday had it been determined that she was limited to sedentary work she would have been disabled under the medical vocational guidelines. However, as the Commissioner points out, her 50th birthday occurred after the ALJ's decision and is thus not relevant. Further, the ALJ did not determine she was limited to sedentary work. Therefore, this argument is without merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of March, 2015.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**